GORDON E. HASLAM *vs.* CARL E. CARLSON *et al.*

JUNE 11, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

SWEETLAND, C. J. This is a petition in equity in the nature of *quo warranto* brought under the statute to determine the title of the individual respondents to the office of president, vice president, treasurer and director, respectively, of the Narragansett Cotton Mill Inc.

The cause involves the validity of an election by the stockholders of the seven directors of the corporation held on February 9, 1924. The officers of the corporation, except the secretary, are elected by the board of directors.

The first claim of illegality made by the petitioners is that the election of the respondents was had in violation of the following provision of the by-laws of the corporation with regard to the order of business at the annual meeting. "5. Election of directors and other officers, the president first naming the tellers." The petitioner alleges that the tellers were named by the president after the nomination of candidates for directors. The petitioner fails to support his contention upon this claim. There is conflict in the evidence. We find the fact to be that before the nomination of directors the president did appoint three tellers. One of the tellers named by the president was later nominated for the position of director and the president then named another stockholder as teller in place of the stockholder who had been nominated for director. All this occurred before the casting of ballots by the stockholders, and in no way affected the validity of the election.

The second claim of illegality is that the tellers failed to comply with the following provision of the by-laws of the corporation: "At all elections the president shall appoint two tellers who shall receive and count the ballots cast for all officers and shall report the result." The tellers did receive the ballots cast for directors. In the course of counting the ballots the tellers held that certain ballots so received by them were invalid. The tellers rejected as invalid two hundred and sixty-four ballots which were cast

in favor of the petitioner for director. Of these two hundred and sixty-four ballots, the petitioner particularly objects to the action of the tellers in regard to ballots with proxies attached representing seventy shares of stock standing in the name of John E. Person and ballots with proxies attached representing one hundred shares of stock standing in the name of John A. Person.

In their report to the meeting the tellers did not state that they had assumed to act judicially with reference to said 264 ballots and had conclusively determined that the same should be rejected. The tellers did report the result of their count of the other ballots. The presiding officer declared the seven candidates elected whose votes were the highest according to the report of the tellers. As to the correctness of the count and of the declaration of the president with reference to six of the candidates no question has been raised. The tellers reported that Andrew E. Johnson had received 6,401 votes and was the seventh in order according to number of votes received, and that the eighth was the petitioner with 6,315 votes in his favor. Mr. Johnson was declared elected as the seventh director. If the 170 votes, representing the 170 shares of John A. and John E. Person which were cast for the petitioner, had been counted in his favor his vote would have exceeded that for Mr. Johnson, as the same was reported by the tellers.

The ground upon which the tellers based their determination of illegality with reference to the ballots upon said 170 shares of stock was that in the body of the appointment of proxy attached to each ballot the name of the person appointed did not appear in the blank space provided for that purpose nor elsewhere in the appointment. It is unquestioned that the person to whom each of the appointments in question was delivered by the stockholder had authority to fill the blank with his own name before casting the ballot. This was not done in either case. We are of the opinion that a ballot cast by a person claiming to have authority to do so, when his authority does not appear on

the face of the appointment is an invalid ballot. In the circumstances of this case, however, it was an invalidity which the stockholders' meeting, after the report of the tellers and before the vote was declared by the officer presiding, might have permitted the proxy to remove by authorizing him to fill the blank in the appointment, which was attached to the ballot cast by him. It appears that in this corporation the number of stockholders is not great; that nearly all were present or were represented at this annual meeting, and from the evidence we are justified in assuming that they remained until the close of the meeting.

The tellers failed in their duty under the provisions of the by-laws that they "shall receive and count the ballots cast for all officers and shall report the result." They did not report to the meeting that they had rejected the ballots representing said one hundred and seventy shares of stock and the grounds of such rejection. This they should have done that the meeting might, before the declaration of the vote, take such action as to it seemed proper in the circumstances. The tellers should also have reported the facts concerning the other ballots which they rejected. Ordinarily the failure of the tellers to inform the meeting that they had failed to count the 264 ballots in question would render the declaration of the vote invalid in so far as it was affected by this action of the tellers. Evidence was presented, however, by the respondents, through one of the tellers, that, from an examination of the memoranda used by the tellers in arriving at the result reported to the meeting as to the number of votes cast for Andrew E. Johnson, it appeared that an error had been made in the teller's count, and that Mr. Johnson should be credited with 6,701 votes rather than 6,401 votes as reported by the tellers. If we accept this testimony of the teller, then the petitioner failed of election even if all the rejected ballots had been counted in his favor. The ballots cast at the election have been filed in the office of the clerk of this court. They have been inspected by counsel on both sides of the

petition.

petition.  No question is raised as to the correctness of the facts, testified to by the teller, and we take the same as true.

The action of the tellers in failing to report to the stockholders that they had rejected 264 ballots cast for the petitioner was irregular.  It did not however affect the result of the election for the seven directors.  In our opinion no good would be accomplished by declaring the election of Mr. Johnson invalid, nor in justice to him could it be done.  He is entitled to the benefit of all the votes cast in his favor and his interests should not be affected by an impropriety on the part of the tellers in which he took no part.

The petition is denied.  Decree may be entered accordingly.

*Greenough, Easton & Cross, Charles P. Sisson*, for petitioner.

*Knauer, Hurley & Fowler*, for respondent.